Detention Order Pending Trial

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA

Case No: 13-20359

v.

JAMES WESLY DOCKHAM,

   *Defendant*.

_____/

## DETENTION ORDER PENDING TRIAL

After conducting a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f), I conclude that the facts require that Defendant be detained pending trial.

**Part I - Findings of Fact**

**A.**   **Motion to Detain (18 U.S.C. §§ 3142(a) and 3142(f)(1))**

XX   (1)   The Government moved for detention at Defendant's first appearance pursuant to:

      XX   18 U.S.C. § 3142(f)(1).

      __   18 U.S.C. § 3142(f)(2).

__   (2)   A detention hearing was held on this judicial officer's motion pursuant to 18 U.S.C. § 3142(f)(2).  See part D for findings.

**B.**   **Rebuttable Presumption – Defendant on Release Pending Trial (18 U.S.C. §3142(e)(2))**

__   (1)   Defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1), and has previously been convicted of a crime listed in 18 U.S.C. § 3142(f)(1), or comparable state or local offense.

    ___    (2)    The offense described in finding was committed while Defendant was on release pending trial for a federal, state or local offense.

    ___    (3)    A period of less than five years has elapsed since

            ___    the date of conviction, **or**

            ___    Defendant's release from prison for the offense described in finding (B)(1).

    ___    (4)    Findings (B)(1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of another person or the community.

**C.**    **Rebuttable Presumption – Probable Cause (18 U.S.C. § 3142(e)(3))**

There is probable cause to believe that Defendant has committed an offense:

    ___    for which a maximum prison term of ten years or more is prescribed in the _____[1], **or**

    ___    under 18 U.S.C. § 924(c), 18 U.S.C. § 956(a) or 18 U.S.C. § 2332b, **or**

    ___    listed in 18 U.S.C. § 2332b(g)(5) (federal crimes of terrorism) for which the prison term is 10 or more years, **or**

    ___    listed in 18 U.S.C. §§ 1581-1594 (slavery or trafficking in persons), **or**

    ___    involving a minor victim listed in 18 U.S.C. § 3142(e)(3)(E).

    ___    the probable cause findings above establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of another person or the community.

**D.**    **Findings Pursuant to 18 U.S.C. § 3142(f)(2)**

    ___    (1)    There is a serious risk that Defendant will not appear.

---

[1] Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

__ (2) There is a serious risk that Defendant will endanger the safety of another person or the community.

**Part II - Statement of the Reasons for Detention**

I find that the testimony and information submitted at the detention hearing establishes:

__ by clear and convincing evidence that, for the reasons set forth below, there is no condition or combination of conditions which will reasonably assure the safety of the community; **or**

__ by a preponderance of the evidence that, for the reasons set forth below, there is no condition or combination of conditions which will reasonably assure Defendant's appearance; **or**

XX both of the above.

**Statement of reasons for detention pursuant to 42 U.S.C. § 3142(l):**

Having concluded that the Government timely moved for detention pursuant to 18 U.S.C. § 3142(a) in a case described in 18 U.S.C. § 3142(f), and that none of the rebuttable presumptions in favor of detention apply, the Court will therefore consider Defendant's circumstances using the factors set forth in section 3142(g).

As to the factors set forth in subsections (g)(1) and (g)(2), I find that the offense charged involves a domestic assault upon a member of the Saginaw Chippewa Native American Tribe. Evidence adduced at the hearing indicates that the alleged victim was pregnant at time of the incidents alleged in the Information. I find from review of the affidavit supporting the Arrest Warrant filed against Defendant that there is a definite weight of evidence supporting the charge made against Defendant.

As to subsection 3142(g)(3), I find that Defendant is 26 years of age. He has lived with the victim at an address on Tomah Road for the past two months. Prior to that time, he lived with

an aunt in the Grand Rapids, Michigan, area. Defendant informed Pretrial Services that the only place he could live if released would be at a previous late girlfriend's mother's residence. The Pretrial Services Officer learned that this person would not accept Defendant, nor would Defendant's father agree to take him in. Therefore, there appears to be no viable residence for Defendant if released. Defendant has worked for various entities for short periods of time. Defense counsel proffered that Defendant has submitted employment applications.

Defendant conceded to Pretrial Service that he has used marijuana since age 13 and has abused alcohol since age 14. Defendant told Pretrial Services that he does not socially drink, that alcohol is his drug of choice, and that he drinks to get drunk. He also admitted to briefly using cocaine. Preliminary urinalysis testing was positive for marijuana.

Defendant's criminal history begins at age 14 with a conviction for possession of marijuana. This is followed by three convictions for minor in possession of alcohol and a conviction for assault and battery. In May 2008, Defendant was convicted of third-degree Criminal Sexual Conduct involving a victim between 13 and 15 years of age. He was sentenced to 2 to 15 years' custody. He was paroled in October 2010.

Defendant admitted violating parole in April 2012, when he assaulted the same victim as that listed in the Information. The Pretrial Services report details the circumstances. Defendant became intoxicated during a family birthday party. An argument ensued with the victim. Defendant punched her multiple times before she was able to escape. The police were called and the victim displayed her eyeglasses, which had been broken into pieces during the assault. The officers located Defendant at his residence. He appeared visibly intoxicated. He cursed and fought with the officers and threatened them. When placed in a police car, he damaged the car. Shortly thereafter, he pleaded no contest to Disorderly Person and Hindering and Opposing a

Police Officer. After review by the Parole Violation Unit, Defendant's parole was extended. Defendant was discharged from parole in January 2013. The incidents alleged in the Information occurred less than 4 months later.

As stated by the Second Circuit, "[w]here [as is clearly evidenced in this case] there is a strong probability that a person will commit additional crimes if released, the need to protect the community becomes sufficiently compelling that detention is, on balance, appropriate." *U.S. v. Colombo,* 777 F.2d 96, 100 (2d Cir. 1985) (quoting S. Rep. No. 225 at 7; 1984 U.S. Code Cong. & Ad. News at 3189). In light of Defendant's failure to abide by the conditions of his parole, as well as his history of assaultive behavior against the same victim, the Court concludes that, if released, there is a very high likelihood that he will commit additional offenses. Moreover, if released, he has no viable residence. For all these reasons, the Court finds that there are no conditions nor any combination of conditions that could be fashioned that would reasonably assure either the safety of the community (and, in particular, the alleged victim) or Defendant's appearance as required. The Government's motion to detain is therefore **GRANTED**.

**Part III - Directions Regarding Detention**

Defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. Defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver Defendant to the United States marshal for a court appearance.

Review of this order is governed by 18 U.S.C. § 3145 and E.D. Mich. L.R. 57.2.

                                       s/ *Charles E Binder*
                                  CHARLES E. BINDER
Dated: May 16, 2013                United States Magistrate Judge

## CERTIFICATION

      I hereby certify that this Order was electronically filed this date, electronically served on Roy Kranz and Andrea LaBean, and served on Pretrial Services and the U.S. Marshals Service in the traditional manner.

Date: May 16, 2013          By     s/*Jean L. Broucek*
                                     Case Manager to Magistrate Judge Binder